# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Derwyn Burnell Yearby,

            Petitioner,     Case No. 16-cv-11252

v.                                  Judith E. Levy
                                  United States District Judge

Paul D. Klee,

                                  Mag. Judge David R. Grand
            Respondent.

_____/

# OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Michigan prisoner Derwyn Yearby ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner was convicted after he pled guilty in the Genesee County Circuit Court to second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to a term of twenty-five to forty years for the murder conviction, and a consecutive term of two years for the firearm conviction. The petition raises two claims: (1) that he was deprived of his right to a

speedy trial, and (2) that he was deprived of the effective assistance of counsel when his trial attorney failed to preserve his speedy trial claim for appeal. The Court finds that Petitioner's claims are without merit. The petition is denied, a certificate of appealability is denied, and leave to appeal *in forma pauperis* is granted.

I. **Background**

The Michigan courts denied a merits review of Petitioner's arguments, so this background is drawn from the Rule 5 materials submitted by Respondent. (*See* Dkt. 7.)

In the early morning hours of September 12, 2010, Petitioner and two other men broke into a Flint, Michigan home where Latevia Bond, Petitioner's girlfriend, was sleeping with another man, Ashante Washington. Petitioner had sent angry text messages to Bond earlier in the day because he knew she was seeing someone else. Petitioner went into an upstairs bedroom and found Bond and Washington asleep in the same bed. Petitioner shot Washington in the head with a handgun. The men then stole Washington's wallet and car keys. Petitioner fled on foot while the other two men drove away in Washington's car. Bond slept

2

through the incident, and discovered that Washington was dead when she was unable to wake him in the morning. (*See* Dkt. 7-2, at 4-18.)

An arrest warrant was not issued for Petitioner until September 13, 2013, after one of Petitioner's accomplices cooperated with the government. (Dkt. 7-4 at 8.) Petitioner was then arraigned in the state district court on October 13, 2013, and a preliminary examination was held on October 24, 2013, at which Bond and a cooperating witness testified. (*See* Dkt. 7-2.)

At a pretrial hearing held on December 9, 2013, Petitioner's trial attorney stated his intention to file a motion to dismiss the charges on the grounds that the prosecution violated Michigan's 180-day rule. (Dkt. 7-3.) Under Michigan law, a defendant who is already in the custody of the Michigan Department of Corrections generally must be brought to trial within 180 days of the prosecutor being notified by the Department of Corrections that the prisoner is already in custody on another offense. *See* MICH. COMP LAWS § 780.131(1); MICH. CT. R. 6.004(D).

The motion to dismiss was heard on January 13, 2014, and the trial court denied the motion, finding that the prosecutor complied with the state's 180-day rule, given that 180 days had not yet run since the

3

relevant triggering date. (Dkt. 7-4 at 6-11.) At a January 16, 2014 hearing, Petitioner's counsel renewed his motion to dismiss, asserting that he had additional evidence to support his allegation that the 180-day rule was violated, and the trial court again denied the motion. (Dkt. 7-5 at 4-6.)

On March 4, 2014, the parties entered a plea agreement. (Dkt. 7-6.) Prior to entering the plea, defense counsel once again unsuccessfully moved to dismiss the case based on a violation of the 180-day rule. (*Id.* at 3-8.)

The plea agreement was then placed on the record. Petitioner pleaded guilty to second-degree murder and commission of a felony with a firearm. (*Id.* at 9.) In exchange, the prosecutor agreed to dismiss the charges of first degree murder, armed robbery, home invasion, and carjacking, and to recommend a twenty-five year minimum sentence on the second-degree murder charge. (*Id.*) Petitioner also agreed to provide truthful testimony against one of his co-defendants, Javon Meeks. (*Id.* at 9-10.) Petitioner indicated his understanding that by entering the plea, he would be giving up his right to have a trial, and was then specifically advised of, and agreed to waive, each of his trial rights. (*Id.*

4

at 13-14.) Petitioner then testified to a factual basis for the plea. (*Id.* at 15-22.)

The trial court found that Petitioner's testimony supported the charges, and it accepted the guilty plea as being made in an understanding, voluntary, accurate, and knowing manner. (*Id.* at 28.)

On April 7, 2014, the date scheduled for sentencing, Petitioner filed an *in pro per* motion to withdraw his plea based on the alleged violation of the 180-day rule. (Dkt. 7-7 at 4.) Petitioner, addressing the court personally, asserted that he should be entitled to withdraw his plea on the grounds that his trial counsel was ineffective for failing to preserve the 180-day rule issue for appeal, and also renewed the argument on the merits of the alleged 180-day rule violation. (*Id.* at 5-6.) The trial court denied Petitioner's motion to withdraw his plea, finding that there was "no evidence whatsoever ineffective [sic] assistance of counsel based on the hundred and eighty day rule or anything else," and also denied the renewed motion on the merits. (*Id.* at 7.) The trial court then sentenced Petitioner pursuant to the terms of the plea agreement. (*Id.* at 24-25.)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims: Petitioner's trial counsel

5

was ineffective for failure to inform him that if he pleaded guilty unconditionally without reserving the right to appeal the court's decision on the 180-day rule and speedy trial issue, it would constitute a plea waiver of these issues, and thus it was error to deny his motion to withdraw his plea prior to sentencing; and the trial court erred by denying Petitioner's motion to dismiss based on the 180-day rule.

The Michigan Court of Appeals denied Petitioner's application "for lack of merit in the grounds presented." *People v. Yearby*, No. 324070 (Mich. Ct. App. Dec. 9, 2014). Petitioner also filed an additional *in pro per* brief that reached the Michigan Court of Appeals the same day they denied review. (*See* Dkt. 7-10 at 206-72.) Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims he raised before the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed by th[e] Court." *People v. Yearby*, 498 Mich. 853 (2015) (table).

## II. Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court can order habeas relief only if the state's

adjudication of a claim on the merits (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). When applying these standards, this Court is to examine the holdings of the Supreme Court as they existed at "the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Court can, however, look to decisions of other courts to determine whether a legal principle has been clearly established by the Supreme Court. *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009); *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Analysis

Petitioner argues that his right to a speedy trial was violated because he was brought to trial in violation of the 180-day rule set forth

7

in MICH. COMP. LAWS § 780.131(1) and MICH. CT. R. 6.004(D). Because Petitioner fails to show that the alleged violation violates the Sixth Amendment, this claim is denied.

This claim cannot form the basis for federal habeas relief because it is not a federal claim. "A violation by state officials of a state speedy trial law, taken alone, does not present a federal claim." *Burns v. Lafler*, 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004) (citing *Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir. 1994); *Wells v. Petsock,* 941 F.2d 253, 256 (3d Cir. 1991)). Petitioner's allegation that the State of Michigan violated its own 180-day rule therefore does not entitle him to habeas relief. *Id.*

To the extent Petitioner is claiming that he was denied his Sixth Amendment right to a speedy trial, the claim still fails. The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. U.S. CONST. amend. VI. To determine whether a speedy trial violation has occurred, the court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The length of delay is a "triggering factor"; "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. To trigger a speedy trial analysis, the accused must allege that the interval between the accusation and the trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). Courts have generally found post-accusation delays that approach one year to be "presumptively prejudicial." *Id.* at 652, n. 1.

Petitioner was arraigned in the state district court on October 13, 2013. Petitioner pleaded guilty on March 14, 2014, only five months after his arraignment. This period was not presumptively prejudicial. *See United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (delays "several months short of one year" are not presumptively prejudicial). Because Petitioner has failed to establish that the five month period between arraignment and plea was presumptively prejudicial, it is unnecessary for this Court to inquire into the other *Barker* factors. *Id.* Petitioner is not entitled to habeas relief under the Sixth Amendment

right to a speedy trial. *See Wilson v. Mitchell*, 61 F. App'x 944, 946 (6th Cir. 2003).

Petitioner also argues that he was deprived of the effective assistance of counsel because his trial attorney failed to preserve his 180-day rule and speedy trial claims for appeal by failing to make his guilty plea conditional on his ability to appeal these claims in the state courts. To establish a claim of ineffective assistance of counsel, Petitioner must show that (a) "counsel's performance was deficient," and (b) the "deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice in a case such as this, Petitioner "must show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Premo v. Moore*, 562 U.S. 115, 131-32 (2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Petitioner does not even say, let alone establish a reasonable probability, that he would have refused to plead guilty and instead insisted on going to trial had trial counsel informed him that he was giving up his right to appeal the 180-day rule issue by not entering a conditional plea. Thus, Petitioner fails to establish that he was

prejudiced by trial counsel's allegedly deficient performance. Because Petitioner fails on this prong, the Court need not reach the deficient performance prong. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). The claim is dismissed.

In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). Petitioner fails to make a substantial showing of the denial of a federal constitutional right. Reasonable jurists would not find the

Court's assessment of Petitioner's constitutional claims debatable or wrong, because Petitioner failed to show that the alleged violation of the state's 180-day rule violated the Sixth Amendment, or even make the argument that he was prejudiced by trial counsel's allegedly deficient performance. Thus the certificate of appealability is denied.

However, a court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)). Here, Petitioner's appeal would be taken in good faith, and leave to appeal *in forma pauperis* is granted.

## IV. Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus (Dkt. 1) is DENIED, a certificate of appealability is DENIED, and leave to appeal *in forma pauperis* is GRANTED.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: May 2, 2017<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2017.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
